## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                            CASE NO. 5:22-CR-50018-001

MACY RENEE PATTERSON                                                        DEFENDANT


## <u>ORDER</u>

On this 23rd day of June 2022, the Petition for Action on Conditions of Pretrial Release (ECF No. 24) filed on June 7, 2022, came on for hearing.  Defendant and her counsel, Kim Weber, along with Kim Harris, counsel for the United States, appeared in person.   During its hearing, Defendant admitted she violated her pre-trial release conditions on multiple occasions – including violations after repeated warnings from the United States Probation Officer, violations after the Court approved the Petition for Action based on the alleged violations and scheduled a hearing, and violations within days of the Court's hearing after her own counsel advised her to amend her behavior.  In addition to the admissions of Defendant, the Court considered Government's Exhibits Nos. 1 and 2, and multiple communications between the undersigned and the U.S. Probation Officer assigned to Defendant for supervision.

Based on the record before it and pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds clear and convincing evidence that Defendant violated the pre-trial release conditions imposed on January 19, 2022, by making hundreds of communications with her co-conspirator between February 23, 2022, and June 19, 2022 (including discussing and providing financial resources, and on occasion, using a 3rd party for communications) and by testing positive for consumption of

1

alcohol despite being both prohibited by the Court and barred by law due to her age.  The Court further finds, by a preponderance of the evidence, that Defendant is unlikely to abide by any condition or combination of conditions of release having established a consistent pattern of violations, repeated dishonesty concerning those violations, and a patent disdain for the conditions governing release pending trial. 18 U.S.C. § 3148(b)(2)(A).  *U.S. v. Barber,* 2013 WL 3580195 (W.D. Ark. July 12, 2013).  There was argument for leniency, but no evidence Defendant is interested in modifying her behavior to preserve her pre-trial release.

For these reasons, Defendant's bond is revoked, and Defendant remanded to the custody of the U.S. Marshal's Service to await trial.

IT IS SO ORDERED.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE